IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>LORENZO LABELL JONES, )<br>a/k/a "Florida Dave" )<br> )<br>Defendant. )<br>_____ ) | CRIMINAL NO.: 4:17-cr-00778-RBH-9 |

**PRELIMINARY ORDER OF FORFEITURE**

This matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture as to Defendant Lorenzo Labell Jones ("Jones", "Defendant"), based upon the following:

1. On October 30, 2017, a multi-count sealed Indictment was filed charging Jones with drug trafficking, in violation of 21 U.S.C. §§ 841 and 846.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a notice of forfeiture providing that upon Jones' conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified, such assets include, but are not limited to the following:

    (A)    <u>Proceeds/Money Judgment</u>:[1]

    A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Indictment, and all interest and

---

[1] The government is pursuing a money judgment against the Defendant. The total amount of a money judgment has not been calculated at this time. Pursuant to Rule 32.2(b)(2)(C) and (e)(1), this order will be amended when the specific amount of the money judgment has been determined by the court.

1

proceeds traceable thereto as a result for their violations of 21 U.S.C. §§ 841 and 846.

3. On April 16, 2018, Jones pled guilty pursuant to a written plea agreement to Count 28 of the Indictment, which charges possession with intent to distribute and distribution of a quantity of cocaine base and hydrocodone/acetaminophen, in violation of 21 U.S.C. § 841 and agreed to the entry of a forfeiture money judgment.

4. Based on Defendant's conviction, the Court has determined that the government has established the requisite nexus between the amount of proceeds and the offense for which Defendant has been convicted; therefore the United States is entitled to a preliminary order of forfeiture, subject to the provisions of U.S.C. § 853 governing third party rights. The Court has determined that the property described above is subject to forfeiture, pursuant to 21 U.S.C. §§ 853 and 881 and 28 U.S.C. § 2461(c). Therefore, it is ORDERED THAT all property, real or personal, which constitutes or is derived from proceeds the Defendant obtained, directly or indirectly, or used or intended to be used in any manner or part to commit or facilitate the commission of such violation of Title 21 U.S.C. § 841 are forfeited to the United States.

5. The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

6. It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant as a result of his violation of Title 21, United States Code, Section 841, and that such substitute assets shall not exceed the value of the proceeds Defendant obtained.

Accordingly, it is hereby **ORDERED**,

1. The below-described property, and all right, title, and interest of the Defendant, Lorenzo Labell Jones, in and to such property, is hereby forfeited to the United States of

America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against Lorenzo Labell Jones and in favor of the United States for an undetermined amount, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The Government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

April 19, 2018                                                                       <u>s/ R. Bryan Harwell</u>
Florence, South Carolina                               R. Bryan Harwell
                                                                                         United States District Judge